UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **WOODWARD DESIGN + BUILD, LLC** | * | CIVIL ACTION |
| | * | |
| VS. | * | NO.: |
| | * | |
| **CERTAIN UNDERWRITERS** | * | |
| **AT LLOYD'S, LONDON,** | * | JUDGE |
| **TOKIO MARINE KILN, AND** | * | |
| **EVEREST INDEMNITY INSURANCE** | * | |
| **COMPANY** | * | |
| | * | MAG. JUDGE |
| | * | |

**TO:**   Christopher K. LeMieux
Riess LeMieux, LLC
1100 Poydras Street, Suite 1100
New Orleans, LA 70163

Mr. Jimmy A. Castex, Jr.
Castex Esnard, LLC
829 Baronne Street
New Orleans, LA 70113

## NOTICE OF REMOVAL

Certain Underwriters at Lloyd's, London, severally subscribing to Insurance Account No. 484055 (hereinafter the "Insurance Account"), and Certain Interested Underwriters at Tokio Marine Kiln, also subscribing to the Insurance Account (collectively hereinafter "Removing Defendants"), and without waiving any affirmative defenses or objections herein, and specifically reserving all defenses available to Removing Defendants and to all insurers subscribing to and participating in the Insurance Account, including but not limited to all defenses under Federal Rules of Civil Procedure Rules 8 and 12, and the right to seek a stay or dismissal of this matter and compel arbitration, hereby remove this cause bearing Civil Action No. 19-8113 ("State Court Action"), from Civil District Court for the Parish of Orleans, State of

Louisiana, to the United States District Court for the Eastern District of Louisiana, and further represent:

## I.

## GROUNDS FOR REMOVAL

Removing Defendants remove this matter under federal question jurisdiction pursuant to 28 U.S.C. §§ 1441 and 1446, on the grounds that there is a valid arbitration clause in the Account Policy made the subject of the instant dispute that falls under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("Convention"). Accordingly, this Court has original jurisdiction under 9 U.S.C. §§ 202, 203 and 205.

## II.

## THE STATE COURT ACTION

### A.
### Petition for Damages

The Petition for Damages (Exhibit "A") was filed by Plaintiff, Woodward Design + Build, LLC ("Woodward Design") on August 2, 2019. The Petition alleges that Woodward Design entered into a contract for the construction of an apartment building at 730 Julia St., New Orleans, Louisiana. Woodward Design alleges that in January 2019, the building was under construction and sustained interior water damage due to rain, and that Woodward Design sustained losses and submitted a claim for insurance proceeds against the insurance policy issued under the Insurance Account, hereinafter the "Account Policy."

## B.
## Petition for Intervention

On November 14, 2019, Intervening Plaintiff, Woodward Audubon, LLC ("Woodward") filed in the State Court Action a "Petition for Intervention". The Order granting leave to intervene was signed on November 15, 2019. The Petition for Intervention is attached as Exhibit "B". Woodward alleges that it contracted with Woodward Design for the construction of an apartment building at 730 Julia Street. New Orleans, Louisiana. Woodward alleges that in January 2019, the building was under construction, and sustained interior water damage due to rain, and that Woodward sustained losses and submitted a claim for insurance proceeds against the Account Policy. Woodward's Petition for Intervention adopted all claims and allegations of the original Petition filed by Woodward Design.

## III.

## THE ARBITRATION CLAUSE
## OF THE ACCOUNT POLICY

The Account Policy includes the Compass Commercial Property Form (AR COMPASS 02 17), which provides, at "Section VII (C)", that all "matters in difference between the Insured and the Companies in relation to this insurance" shall be resolved through submission to an Arbitration Tribunal:

> SECTION VII – CONDITIONS
>
> C. ARBITRATION CLAUSE: All matters in difference between the Insured and the Companies (hereinafter referred to as "the parties") in relation to this insurance, including its formation and validity, and whether arising during or after the period of this insurance, shall be referred to an Arbitration Tribunal in the manner hereinafter set out.
>
> Unless the parties agree upon a single Arbitrator within thirty days of one receiving a written request from the other for Arbitration, the Claimant (the party requesting Arbitration) shall appoint his

3

Arbitrator and give written notice thereof to the Respondent. Within thirty days of receiving such notice, the Respondent shall appoint his Arbitrator and give written notice thereof to the Claimant, failing which the Claimant may nominate an Arbitrator on behalf of the Respondent.

Should the Arbitrators fail to agree, they shall appoint, by mutual agreement only, an Umpire to whom the matter in difference shall be referred.

Unless the parties otherwise agree, the Arbitration Tribunal shall consist of persons employed or engaged in a senior position in Insurance underwriting or claims.

The Arbitration Tribunal shall have power to fix all procedural rules for the holding of the Arbitration including discretionary power to make orders as to any matters which it may consider proper in the circumstances of the case with regard to pleadings, discovery, inspection of documents, examination of witnesses and any other matter whatsoever relating to the conduct of the Arbitration and may receive and act upon such evidence whether oral or written strictly admissible or not as it shall in its discretion think fit.

All costs of the Arbitration shall be in the discretion of the Arbitration Tribunal who may direct to and by whom and in what manner they shall be paid.

The seat of the Arbitration shall be in New York and the Arbitration Tribunal shall apply the law of New York as the proper law of this insurance.

The Arbitration Tribunal may not award exemplary, punitive, multiple, consequential or other damages of a similar nature.

The award of the Arbitration Tribunal shall be in writing and binding upon the parties who covenant to carry out the same. If either of the parties should fail to carry out any award the other may apply for its enforcement to a court of competent jurisdiction in any territory in which the party in default is domiciled or has assets or carries on business.

The portion of the Account Policy containing the arbitration clause is attached as Exhibit "C". A full copy of the Account Policy is attached as Exhibit "D".

All insurers, including the Removing Defendants, have invoked their right to arbitrate all matters in dispute with Woodward and Woodward Design by letter dated December 3, 2019.

## IV.

## THE MATTERS IN DIFFERENCE THAT ARE SUBJECT TO ARBITRATION

The "matters in difference," as described in the arbitration clause, are those between Woodward and Woodward Design, and the Removing Defendants, and all other insurers subscribing to the Insurance Account, and include but are not limited to whether Woodward and Woodward Design have met the grant of coverage under the Account Policy, whether they have provided satisfactory proofs of loss, whether and to what extent the exclusions and limitations of the Account Policy apply to any alleged covered losses, and the adjustment of the claims submitted to all insurers subscribing to the Insurance Account.

## V.

## CITIZENSHIP OF THE REMOVING DEFENDANTS

Certain Underwriters at Lloyd's, London and the Tokio Marine Kiln syndicates subscribing to the Insurance Account, are principally citizens of countries other than the United States, such as the United Kingdom of Great Britain. By way of example:

> Syndicate 2987, is an unincorporated association, the managing agent of which is Brit Syndicates Limited, and the sole corporate member is Brit UW Limited, registered in England and Wales, with its principal place of business in London, England.
>
> Syndicate 2003 is an unincorporated association, the managing agent of which is Catlin Underwriters Agencies Limited, and the sole corporate member is Catlin Syndicate Limited, which is registered in England, with its principal place of business in London, England.
>
> Tokio Marine Kiln Syndicate 510, is an unincorporated association, the managing agent of which is Tokio Marine Kiln Syndicates Limited, and

5

the majority corporate member is Tokio Marine Kiln Group Limited, registered in England and Wales, with its principal place of business in London, England.

Other syndicates and Underwriters are also citizens of countries other than the United States.

## VI.

## REMOVAL IS PROPER

The United States is a party to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 21 U.S.T. 2517, T.I.A.S. No. 6997, 330 U.N.T.S. 38, *reprinted following,* 9 U.S.C. § 201 (West Supp. 1998). The United Kingdom of Great Britain is a signatory to the Convention. Under Article II of the Convention, the United States and other signatory countries are each bound to "recognize an agreement in writing under which the parties undertake to submit to arbitration all or any differences which may have arisen or which may arise between them…." The courts of each signatory country are also bound to enforce such agreements.

The Convention is an international treaty that guarantees citizens of any signatory country the right to enforce agreements to arbitrate disputes. As the United States Supreme Court has explained, "[t]he goal of the convention, and the principal purpose underlying American adoption and implementation of it, was to encourage the recognition and enforcement of commercial arbitration agreements and international contracts and to unify the standard by which the agreements to arbitrate are observed and arbitral awards are enforced in the signatory countries." *Scherk v. Alberto-Culver Co.,* 417 U.S. 506, 520, n. 15 (1974).

In 1970, Congress enacted enabling legislation to enforce the Convention in United States Courts. *See* 9 U.S.C. §§ 201-208. The Federal Arbitration Act (FAA) governs the

6

enforcement, validity, and interpretation of arbitration clauses in commercial contracts, both in state and federal courts. *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 24-25, 103 S. Ct. 927, 941-42, 74 L. Ed. 2d 765 (1983). Chapter 2 of the FAA, 9 U.S.C. §§ 201-208 ("Convention Act"), which implements the Convention, controls arbitration disputes in the international context. In general, the Convention Act creates a *strong presumption* in favor of arbitration, especially in international commercial agreements. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,* 473 U.S. 614, 638-40, 105 S. Ct. 3346, 3359-61, 87 L. Ed. 2d 444 (1985).

The instant disputes ("matters in difference") arise under the terms and conditions of the Account Policy, including the arbitration clause contained therein. The arbitration clause in the Account Policy falls under the Convention and under 9 U.S.C. § 202 of the Convention Act, because it is included in a commercial contract between Woodward and Woodward Design, United States citizens, and corporate citizens of the United Kingdom of Great Britain. Therefore, the subject matter of the State Court Action "relates" to an arbitration agreement subject to the Convention, within the meaning of 9 U.S.C. § 205. *See La. Commerce & Trade Ass'n Self Insurers Fund v. Certain Underwriters at Lloyd's London,* 2014 U.S. Dist. LEXIS 96605, (E.D. La. 2014). The Fifth Circuit has recognized that disputes under an insurance policy containing an arbitration clause with an international party and subject to arbitration under the Convention. *Acosta v. Master Maintenance & Const., Inc.,* 452 F.3d 373, 380 (5th Cir. 2006). Accordingly, because the instant disputes fall under the Convention, the claims are subject to mandatory arbitration in the United States.

There is no question that the instant disputes arise under the Account Policy that contains an arbitration provision, and are disputes between citizens of the United States and citizens of

countries other than the United States. The entirety of the disputes filed by Woodward and Woodward Design against Removing Defendants relate to the Account Policy and arbitration provision, and the Account Policy requires that arbitration be held in New York, and under New York law.

As a matter clearly falling under the Convention, and as disputes relating to an arbitration agreement, 9 U.S.C. §205 of the Convention Act provides for removal of the State Court Action:

> Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending. The procedure for removal of causes otherwise provided by law shall apply, except that the ground for removal provided in this section need not appear on the fact of the complaint but may be shown in the petition for removal.

This action is properly removed to this District Court as the district embracing Civil District Court for the Parish of Orleans, where the State Court Action was pending.

## VII.

## REMOVAL IS TIMELY

This removal is timely, pursuant to 9 U.S.C. § 205, which provides that state court proceedings relating to an arbitration agreement falling under the Convention may be removed to federal court "at any time before the trial." No trial has commenced in the State Court Action. Under 9 U.S.C. § 205, any action or proceeding so removed shall be deemed to have been brought in the district court to which it is removed.

## VIII.

## CONGRESS GRANTED FEDERAL COURTS
## BROAD REMOVAL JURISDICTION IN CONVENTION CASES

The purpose and intent behind the enactment of the Convention Act was to "encourage the recognition and enforcement of commercial arbitration agreements and international contracts and to unify the standard by which the agreements to arbitrate are observed and arbitral awards are enforced in the signatory countries." *Scherk v. Alberto-Culver Co.,* 417 U.S. 506, 520 n. 15, 94 S. Ct. 2449 (1974). As the Fifth Circuit has observed, uniformity is best served by trying all Convention cases in federal court and the general rules regarding removal jurisdiction do not apply to Convention Act removal:

> Because 'uniformity is best served by trying all [Convention] cases in federal court unless the parties unequivocally choose otherwise [citation omitted], Congress granted the federal courts jurisdiction over Convention cases and added one of the broadest removal provisions, §205, in the statute books. So generous is the removal provision that we have emphasized that the general rule of construing removal statutes strictly against removal 'cannot apply to Convention Act cases because in these instances, Congress created special rights to channel cases into federal court.'

*Acosta v. Master Maint. & Constr., Inc.,* 452 F.3d 373 (5th Cir. 2006), *quoting*, *McDermott Int'l, Inc. v. Lloyd's Underwriters of London,* 944 F.2d 1199, 1207-08 (5th Cir. 1991).

## IX.

## THE REMOVED STATE COURT ACTION "FALLS
## UNDER" THE CONVENTION AND "RELATES TO"
## WOODWARD'S AND WOODWARD DESIGN'S CLAIMS

If at least one party to a commercial legal relationship is not a United States citizen, the arbitration agreement contained in the commercial legal relationship is deemed to "fall under" the Convention. *Mongaya v. AET MCV BETA, LLC,* 2018 WL 6067547, p. 4 (E.D. La. 2018). The Account Policy provides coverage pursuant to the terms, conditions, definitions, exclusions,

9

and endorsements of a single set of coverage documents common to all the insurers subscribing to the Insurance Account. There is only one common arbitration agreement (Exhibit C) to which all insurers under the Account Policy are bound. The fact that some insurers subscribing to the Insurance Account are citizens of the United States does not impair removal: ". . . a party's non-signatory status is not relevant to the inquiry of whether some particular arbitration clause 'falls under' the Convention" for purposes of removal. *Id.* If the arbitration clause falls under the Convention, as is the case with the Account Policy's arbitration clause, removal jurisdiction is proper.

The other test for removal jurisdiction is whether the state court litigation "relates to" an arbitration agreement falling under the Convention. The "relates to" requirement is an extremely low bar. If the Account Policy's arbitration agreement can conceivably affect the outcome of Woodward's and Woodward Design's claims, then the arbitration agreement "relates to" their suit, and removal is proper. The arbitration clause in the Account Policy at issue herein clearly can effect the outcome of the State Court Action, since it contains disputes against insurers subscribing to the Insurance Account. Therefore, the arbitration clause has a direct effect on this litigation. The federal question jurisdiction conferred under 9 U.S.C. §205 is unlike most other forms of federal question jurisdiction, because it permits removal on the basis of a federal defense. *Beiser v. Weyler*, 284 F.3d 665, 666 (5th Cir. 2002).

## X.

### CONVENTION REMOVAL AUTHORIZES REMOVAL OF THE ENTIRE "ACTION" AND NOT JUST CLAIMS

The Fifth Circuit has instructed that when defining the scope of jurisdictional statutes, "heavy emphasis shall be placed on the language of the particular statute in question." *Nolan v.*

*Boeing Co.*, 919 F.2d 1058, 1064 (5th Cir. 1990). Examining the language of the Convention, Act, 9 U.S.C §203 first provides for original subject matter jurisdiction over "***an action or proceeding***" falling under the Convention (emphasis added). Section 205 then provides for removal of the "***action or proceeding***" (emphasis added). The use of the terms "action or proceeding" in both statutes significantly expands the scope of removal. Removal of the entire case ("action") is permitted, and not just as to a claim or claims, as is the case in other removal statutes.

In *Nolan, supra* the Fifth Circuit examined original subject matter jurisdiction and the right of removal under the Foreign Sovereign Immunities Act ("FSIA"). The *Nolan* court held that because the FSIA established original subject matter jurisdiction over the "action" (like §203), and not just over "claims", the statute conferred federal subject matter jurisdiction over the entire case:

> . . . the FSIA grants jurisdiction to federal courts over 'action(s)' and not just over 'claims.' This language is broad enough to extend federal court subject matter jurisdiction over the entire action in which the foreign state is a party, rather than simply over the 'claims' in that action which are specifically asserted against the foreign state.

*Nolan*, *supra* 919 F.2d at 1064.

Similarly, §203 of the Convention Act extends original subject matter jurisdiction over the entire "action or proceeding," and not just the claims against the foreign insurer signatories to the Convention. Therefore, removal under §205 applies to the *entire action*, including the Woodward's and Woodward Design's claims against both the domestic and foreign insurers.

In a case involving the removal of claims against insurers under the Convention Act, the United States District Court for the Western District of Louisiana held that under 9 U.S.C. §203, the Court retained original jurisdiction over the "entire action" once removed, and "lack(ed)

discretion to refuse such original jurisdiction, once properly invoked." *Ieyoub ex rel. State v. Am Tobacco Co.,* 97-1174 (W.D. La. 1997); 1997 U.S. Dist. LEXIS 24219, 53-54.

## XI.

### WOODWARD AND WOODWARD DESIGN HAVE ALLEGED ALL THE INSURERS ENGAGED IN INTERDEPENDENT AND CONCERTED MISCONDUCT

Woodward and Woodward Design have clearly alleged that all insurers under the Account Policy have engaged in interdependent and concerted misconduct by denying Woodward's and Woodward Design's claims under the Account Policy. The Petition for Damages, and the Petition for Intervention, by adoption, identify the Insurance Account and the alleged actions that were undertaken by the insurers subscribing to the Insurance Account, including the insurers' alleged failure "to properly adjust and compensate" Woodward and Woodward Design (Exhibit A, para. XXI). The Account Policy is applicable to all insurers.

## XII.

### CONSENT TO REMOVAL

Attached as Exhibit "E" is Everest Indemnity Insurance Company's consent to the instant removal, although consent of other defendants is not required under Convention removal. *See Acosta v. Master Maintenance & Const., Inc., supra,* 452 F.3d at 380.

## XIII.

### NOTICE TO ALL PARTIES AND STATE COURT

Removing Defendants will promptly give notice to all parties in writing, and shall file a Notice of this removal with the Clerk of the State Court Action.

Respectfully submitted,

**ADAMS HOEFER HOLWADEL, LLC**

*/s/ D. Russell Holwadel*
**D. RUSSELL HOLWADEL (#16975) T.A.**
**Email: drh@ahhelaw.com**
**BRUCE R. HOEFER, JR. (#6889)**
**Email: brh@ahhelaw.com**
**PHILLIP J. REW (#25843)**
**Email: pjr@ahhelaw.com**
**HEATHER E. REZNIK (#29175)**
**Email: her@ahhelaw.com**
400 Poydras Street, Suite 2450
New Orleans, Louisiana 70130
Telephone:   (504) 581-2606
Facsimile:   (504) 525-1488
*Attorneys for Removing Defendants, Certain Underwriters at Lloyd's, London and Certain Interested Underwriters at Tokio Marine Kiln subscribing to and participating in Insurance Account No.484055*

**CERTIFICATE OF SERVICE**

I certify that on this 3rd day of December, 2019, the undersigned electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record.

*/s/ D. Russell Holwadel*