UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WOODWARD DESIGN + BUILD, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO: 19-14017** |
| **CERTAIN UNDERWRITERS AT LLOYD'S LONDON, ET AL.** | **SECTION: T(3)** |

# ORDER

Before the Court is a Motion to Remand[1] filed by Woodward Design + Build, LLC ("WDB") and a Motion to Remand[2] filed by Woodward Audubon LLC ("Woodward"). Certain Underwriters at Lloyd's, London and Certain Interested Underwriters at Tokio Marine Kiln, (collectively "Defendants"), have filed an Omnibus Opposition to Plaintiffs' Motions to Remand.[3] For the reasons set forth below, the Motions to Remand[4] are **DENIED.**

Also before the Court is a Motion to Compel Arbitration and Stay Litigation filed by Defendants.[5] Plaintiffs WDB and Woodward filed responses in opposition.[6] With leave of Court, Defendants filed a reply.[7] As explained below, the Motion to Compel Arbitration and Stay Litigation[8] is **GRANTED.**

---

[1] R. Doc. 15.
[2] R. Doc. 20.
[3] R. Doc. 32.
[4] R. Docs. 15 and 20.
[5] R. Doc. 56 (filed by Certain Underwriters at Lloyd's London, Everest Indemnity Insurance Company, General Security Indemnity Company of Arizona, Indian Harbor Insurance Company, International Insurance Company of Hanover Ltd., Lexington Insurance Company, QBE Specialty Insurance Company, Tokio Marine Kiln, and United Specialty Insurance Company).
[6] R. Docs. 57 and 59.
[7] R. Doc. 67.
[8] R. Doc. 56.

1

**BACKGROUND**

On October 31, 2017, Woodward and WDB entered into a contract to construct the 730 Julia Apartments, at 730 Julia Street New Orleans, Louisiana ("the Project"). Pursuant to the terms of the contract, WDB purchased builder's risk "all-risk" or an equivalent policy form, naming Woodward as an insured under the policy. WDB purchased three separate contracts of insurance, and the Defendants issued the policies, including the builder's risk policies that are at issue. Before completing the exterior of the building, the Project experienced damage caused by weather that resulted in interior water damage. Both WDB and Woodward submitted proofs of claims under the policies. The insurers did not pay the claims, prompting WDB to file suit in Civil District Court in New Orleans on August 2, 2019. On December 3, 2019, Defendants filed a notice of removal asserting federal question jurisdiction pursuant to 28 U.S.C. §§ 1441 and 1446.[9] Defendants contend that there is a valid arbitration clause in the Account Policy made the subject of the instant dispute that falls under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("Convention"), and that the Court, therefore, has original jurisdiction under 9 U.S.C. §§ 202, 203 and 205. The Arbitration Clause at issue provides:

> All matters in difference between the Insured and the Companies (hereinafter referred to as "the parties") in relation to this insurance, including its formation and validity, and whether arising during or after the period of this insurance, shall be referred to an Arbitration Tribunal in the manner hereinafter set out.
>
> * * *
>
> The seat of the Arbitration shall be in New York and the Arbitration Tribunal shall apply the law of New York as the proper law of this insurance.
>
> * * *
>
> The Arbitration Tribunal may not award exemplary, punitive, multiple, consequential or other damages of a similar nature.[10]

---

[9] R. Doc. 1.
[10] R. Doc. 1-3.

WDB and Woodward now seek to remand the case contending that many of the claims sought to be arbitrated are not covered or included in the "arbitration clauses," the Defendants waived the arbitration clauses, or the enforcement of the arbitration clauses is against Louisiana law and public policy.

## LAW AND ANALYSIS

Courts should determine whether subject-matter jurisdiction is present before addressing other issues.[11] Federal Courts are courts of limited jurisdiction, possessing only the authority granted by the United States Constitution and conferred by the United States Congress.[12] A defendant may remove a civil action filed in state court if the plaintiff could have brought the action in federal court from the outset.[13] Given the significant federalism concerns implicated by removal, the removal statute is strictly construed, "and any doubt about the propriety of removal must be resolved in favor of remand."[14] The Convention is an international treaty that provides citizens of the signatory countries with the right to enforce arbitration agreements. The Supreme Court of the United States has explained that "[t]he goal of the [C]onvention, and the principal purpose underlying American adoption and implementation of it, was to encourage the recognition and enforcement of commercial arbitration agreements in international contracts and to unify the standard by which the agreements to arbitrate are observed and arbitral awards are enforced in the signatory countries."[15]

---

[11] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam)).
[12] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).
[13] *See* 28 U.S.C. § 1441(a).
[14] *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (citation omitted); *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007) (citations omitted).
[15] *Scherk v. Alberto-Culver Co.*, 94 S.Ct. 2449, 2457 n. 15 (1974).

In 1970, Congress promulgated the Convention Act, which is Chapter 2 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 201-208, to establish procedures for the courts of the United States to implement the Convention.[16] "The Convention Act incorporates the FAA except where the FAA conflicts with the Convention Act's few specific provisions."[17] 9 U.S.C. §205 of the Convention Act provides:

> Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending. The procedure for removal of causes otherwise provided by law shall apply, except that the ground for removal provided in this section need not appear on the face of the complaint but may be shown in the petition for removal.

The statute does not define the term "relates to." "However, the federal courts have recognized that the plain and expansive language of the removal statute embodies Congress's desire to provide the federal courts with broad jurisdiction over Convention Act cases in order to ensure reciprocal treatment of arbitration agreements by cosignatories of the Convention."[18] In the Fifth Circuit, district courts conduct the following inquiry when determining whether the Convention requires arbitration in a given case: (1) is there a written agreement to arbitrate; (2) does the agreement provide for arbitration in a signatory nation; (3) does the agreement arise out of a commercial legal relationship; and, (4) is a party to the agreement not an American citizen.[19]

The parties do not dispute that there is a written agreement to arbitrate, that the agreement provides for arbitration in a signatory nation, that the agreement arises out of a commercial legal relationship, or that Defendants are citizens of the United Kingdom. Plaintiffs contend, however,

---

[16] *McDermott Int'l, Inc. v. Lloyd's Underwriters of London*, 944 F.2d 1199, 1208 (5th Cir. 1991).
[17] *Id*. (citing 9 U.S.C. § 208).
[18] *Acosta v. Master Maint. and Constr. Inc*., 452 F.3d 373, 376 (5th Cir. 2006).
[19] *Freudensprung v. Offshore Technical Services, Inc*., 379 F. 3d 327, 339 (5th Cir. 2004).

4

that there is no written agreement to arbitrate bad-faith claims. Bad-faith claims under Louisiana law arise from statutory duties owed by every insurer to every insured in Louisiana, the breach of which confers to the insured a cause of action that is separate from the breach of the insurance contract.[20] Plaintiffs' bad faith claims, however, are sufficiently "related to" the claims that are governed by the Arbitration Clause. The Fifth Circuit has explained that "whenever an arbitration agreement falling under the Convention could conceivably affect the outcome of the plaintiff's case, the agreement 'relates to' the plaintiff's suit. Thus, the district court will have jurisdiction under § 205 over just about any suit in which a defendant contends that an arbitration clause falling under the Convention provides a defense."[21] The Court finds that Plaintiffs' state law claims are "related to" Plaintiffs' claims that are governed by the Arbitration Clause, and the Court, therefore, has original jurisdiction over the claims.

Plaintiffs contend the Arbitration Clause is null and void as a violation of public policy because it would force the parties to apply New York law, and Plaintiffs would, therefore, not be able to claim bad-faith damages. A state's public policies are found in "the Constitution, the laws, and the judicial decisions of the court of last resort of that state."[22] Plaintiffs failed to cite any support for its position that the Arbitration Clause violates public policy. Moreover, there is a strong policy in both the United States and the Fifth Circuit in favor of enforcing arbitration clauses.[23] Louisiana law also explicitly favors the enforcement of arbitration clauses in written contracts.[24] Therefore, the Court is not persuaded that the subject Arbitration Clause is in violation of any public policy.

---

[20] *See Kelly v. State Farm Fire & Cas. Co*., 2014-1921 (La. 5/5/15), 169 So.3d 328.
[21] *Beiser v. Weyler,* 284 F.3d 665, 669 (5th Cir.2002).
[22] *W.L. Slaton & Co. v. Newton & Morgan*, 299 F. 279, 280 (5th Cir.1924) (internal citations omitted).
[23] *See e.g., Walton v. Rose Mobile Homes L.L.*C., 298 F.3d 470, 473 (5th Cir.2002).
[24] *Duhon v. ActiveLaf, LLC*, 16-0818 (La. 6/17/16), 192 So.3d 762; *Aguillard v. Auction Management Corp.,* 04-2804 (La. 6/29/05), 908 So.2d 1; *see also* La. Rev. Stat. § 9:4201.

Plaintiffs next claim that Defendants waived their right to arbitrate. Specifically, Plaintiffs point to various policy endorsements and amendments wherein the insurers stated that "[t]his insurance policy is delivered as a surplus lines coverage under the Louisiana Insurance Code…"; the Applicable Law endorsement, which provided that "[t]he Insurance shall be subject to the applicable state law to be determined by the court of competent jurisdiction as determined by the Service of Suit Clause (USA); and, the Service of Suit Clause, which provides that "[i]t is agreed that in the event of the Underwriters hereon to pay any amount claimed to be due hereunder, the Underwriters hereon, at the request of the Insured (or Reinsured) will submit to the jurisdiction of a Court of competent jurisdiction within the United States.[25]  A party may waive its right of removal under arbitration: (1) by explicitly stating that it is doing so; (2) by allowing the other party the right to choose venue; or (3) by establishing an exclusive venue within the contract.[26] However, under any scenario, the waiver must be "clear and unequivocal."[27] Due to the federal policy favoring arbitration, there is a presumption against the finding of waiver.[28] In this case, the Plaintiffs have failed to demonstrate that Defendants "clearly and unequivocally" waived the Arbitration Clause by simply issuing policy endorsements and general amendments to the policies. Therefore, the Court finds that Defendants did not waive the Arbitration Clause.

Having determined that this Court has original jurisdiction under 9 U.S.C. §§ 202, 203, and 205, the next step in the Court's inquiry today is whether to compel the parties to arbitration, which is the request sought by the Defendants' Motion.[29] When determining whether to compel arbitration, courts conduct a very limited inquiry.[30] Accordingly, a court should compel arbitration

---

[25] R. Doc. 20-6.
[26] *Ensco Int'l Inc. v. Certain Underwriters at Lloyd's*, 579 F.3d 442 (5th Cir. 2009).
[27] *Id*. at 443
[28] *Keytrade USA, Inc. v. Ain Temouchent M/V*, 404 F.3d 891, 897 (5th Cir. 2005).
[29] R. Doc. 56.
[30] *Freudensprung*, 379 F.3d at 339. *See also Sedco*, 767 F.2d at 1145.

if (1) there is a written agreement to arbitrate the matter; (2) the agreement provides for arbitration in a Convention signatory nation; (3) the agreement arises out of a commercial legal relationship; and (4) a party to the agreement is not an American citizen.[31] When these requirement are met, the Convention requires the court to compel arbitration unless it finds that the agreement is "null and void, inoperative or incapable of being performed."[32] Under the FAA, written arbitration agreements are *prima facie* valid unless the opposing party "alleges and proves that the arbitration clause itself was a product of fraud, coercion, or 'such grounds exist at law or in equity for the revocation of the contract'"[33] "Whenever the scope of an arbitration clause is in question, the court should construe the clause in favor of arbitration."[34]

The parties do not dispute that there is a valid agreement to arbitrate, that the agreement provides for arbitration in a signatory nation, that the agreement arises out of a commercial legal relationship, or that Defendants are citizens of the United Kingdom. However, as noted above, Plaintiffs assert the written arbitration agreement does not cover their alleged bad-faith claims. Thus, this Court must consider whether the dispute in question falls within the scope of the arbitration agreement.[35] When determining whether to compel arbitration, courts look at whether the arbitration agreement is broad or narrow in scope.[36] If an arbitration agreement is broad in scope, a court should stay the proceedings, compel arbitration, and allow the arbitrator to decide whether the dispute falls within the clause.[37] If the agreement is narrow in scope, a court should

---

[31] *Id.*
[32] *Sedco, Inc. v. Petroleos Mexicanos Mexican Nat. Oil. Co.*, 767 F.2d 1140, 1146 (5th Cir. 1985).
[33] *Freudensprung*, 379 F.3d at 339 (stating that the FAA applies to the extent that it is not in conflict with the Convention).
[34] *Sedco*, 767 F.2d at 1145 (citing *United Steel Workers v. Warrior Gulf Navigation Co.*, 363 U.S. 574 (1960)).
[35] *Innerwireless, Inc. v. Johnson Controls, Inc.*, No. 3:07-CV-312-M, 2007 WL 2428591, at *1 (N.D. Tx. Aug. 27, 2007).
[36] *In re Complaint of Hornbeck Offshore (1984) Corp.*, 981 F.2d 752, 754 (5th Cir. 1993).
[37] *See Trapp Chevrolet-Oldsmobile Cadillac, Inc. v. General Motors Corp.*, No. 02-cv-0158, 2002 WL 1163611, at *3 (E.D. La. May 31, 2002); *Fox Bend Development Associates, Ltd. v. Ennis*, No. 17-cv-3137, 2018 WL 4003311, at *2 (E.D. La. Aug. 17, 2018).

compel arbitration only if the court determines that the dispute falls within the clause.[38] Courts in the Fifth Circuit have found arbitration clauses that refer to "all other claims and disputes," "all matters in difference," or "any difference or dispute" as broad in scope and have stayed proceedings and compelled arbitration.[39]

The arbitration agreement at issue is broad in scope because it states that "all matters in difference" that relate to the insurance policies arising during or after the insured period are subject to arbitration. Plaintiffs' bad-faith claims arise out of the Defendants' alleged failure to cover interior water damage to the construction project during the insured period. Therefore, the Arbitration Clause conceivably covers these claims. Plaintiffs also failed to show that the Arbitration Clause was a product of fraud or duress, or otherwise show that grounds exist in law or equity for the revocation of the contract. Because the scope of the agreement is in question and Plaintiffs have not proffered other grounds for revocation of the arbitration agreement, this Court construes the clause in favor of arbitration according to federal policy and compels the parties to arbitration.

---

[38] *Sedco*, 767 F.2d 1140, 1145, n. 10 (citing *Prudential Lines, Inc. v. Exxon Corp.*, 704 F.2d 59, 64 (2d Cir. 1983)).
[39] *See Authenment v. Ingram Barge Co.*, 878 F.Supp.2d 672, 681-82 (E.D. La. 2012); *Diamond Services Corp. v. British European and Overseas*, No. 6:11-0772, 2012 WL 3064100, at *3 *W.D. La. May 17, 2012); *St. Theresa Specialty Hosp., LLC v. Indian Harbor Ins.*, No. 19-12126, 2019 WL 8362168, at n. 1 (E.D. La. Oct. 22, 2019).

## **CONCLUSION**

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that the Motions to Remand[40] are **DENIED.**

**IT IS FURTHER ORDERED** that the Motion to Compel Arbitration and Stay Litigation [41] is GRANTED. This matter is hereby STAYED and ADMINISTRATIVELY CLOSED.

**New Orleans, Louisiana**, on this 29th day of September, 2020.

_____
**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**

---

[40] R. Docs. 15 and 20.
[41] R. Doc. 56.